Good morning. For the record, my name is Chris Edwards, and I'm an attorney for Donald Abbey. I would like to reserve two minutes for rebuttal. You'll be responsible for keeping track. Thank you. May it please the Court, there is a very simple issue in front of us today, and it's do the allegations in the complaint against Mr. Abbey trigger a duty to defend? The first thing I want to address is the supplemental authority that was submitted by Chubb, the Rumpf case out of Montana. It held that facts in a complaint that are not in a complaint cannot be considered when deciding whether a duty to defend is triggered. Here, the district court did not consider the facts in the complaint that did trigger a duty to defend. What are the facts that trigger the duty to defend? The complaint says, Defendant Abbey has communicated misleading, unfounded, false, reckless, and malicious statements to loan officers at Whitefish Credit Union and Glacier Bank of Whitefish, which have been established sources of financing for plaintiff's rents and the entities which he owns an interest in for nearly 10 years. Now, that's also important. The last 10 years they're claiming damages for in this allegation. You'll hear from Chubb that a business exception applies, but they've pled themselves out of that exception because the same complaint says Mr. Abbey was only in business with him since 2002. This was filed in 2003. More importantly, those allegations in the complaint are realleged and reasserted through each and every count within the complaint. The standard for reviewing if a duty to defend is triggered is succinctly stated in the Ninth Circuit case pension fund, which we cited in our brief that also summarizes Montana law. And it requires that Chubb must show by no conceivable theory can Abbey raise one single issue that could bring a claim within coverage. The test is not whether non- What's your best issue on that score that comes within coverage? Libel, defamation, slander. And the coverage also, the policy says Why wouldn't that, isn't that under the business pursuits exception? I don't believe it is under the business pursuits exception because they pled themselves out of it with the time frame. And we're talking about Wait a minute, how do they plead themselves out of it? I thought you just looked at the complaint. Yes, their complaint says that Mr. Retz has been in business with these banks for the past 10 years. Mr. Abbey did not sign an operating agreement with Retz until 02. This was filed in 03. So they're talking about as far back as 1993. They're saying the libel occurred as far back as 1993? No, they're saying that the damage as a result from it left those banking entities due. And then they reincorporate it and allege it in every count that's set forth in the complaint. And when you read that with the policy language as the court requires I'm not following you though. Why has that become excluded? I mean, not within the business pursuits exclusion then? It's not because they're asking for damages that occurred for a time period before Mr. Abbey was involved and also for business damages associated with Mr. Retz, not Mr. Abbey's business, the person suing Mr. Abbey. So they're not dealing with Mr. Abbey's business. And the policy covers personal injury, and that means shock, mental anguish, mental injury, malicious prosecution, humiliation, libel, and slander. So when it's read in conjunction with the allegations set forth in paragraph 16, it meets that basic threshold that requires a duty to defend to be triggered. Furthermore, Chubb admits that they got to a point where a duty to defend was triggered in their letter denying Mr. Abbey coverage. They say, The plaintiff has asserted claims which may satisfy certain enumerated offenses as outlined within the definition of personal injury. Right there they knew they had triggered a duty to defend. Now in the next sentence they go on and they add that these exceptions may apply, but there is a difference between the exceptions in a duty to indemnify and what triggers a duty to defend. A duty to defend is much more broad and completely independent of a duty to indemnify. All you need is a very basic allegation that may bring coverage into question, and that triggers a duty to defend. But that, if the duty to defend is wiped out by any inability under the policy, by an exclusion under the policy, then you don't have a duty to defend. I mean, because every policy has, here's my coverage, and then it has, here's my exclusions. Right. So if we took your theory, as long as you were in the possible coverage, the exclusions would be irrelevant. I disagree to the extent that that's my theory, because I don't think that Explain it to me in a little more detail. At the district court level, the judge never considered this paragraph of the complaint. He went up to every paragraph and then went through and systematically fit an indemnity exclusion. This paragraph was not included. Which paragraph? When you say the complaint, you're talking about which complaint? The complaint against Donald Abbey by Mr. Retz that triggered a duty to defend. The underlying state court complaint? Yes. Okay. And which paragraph are you talking about? Paragraph 16. 16. And in the order, the judge does not discuss paragraph 16. And paragraph 16 is the paragraph that is key in bringing the duty to defend, not the duty to indemnify, but it wasn't considered. It talks about the reckless, unfounded statements made by Mr. Abbey, which moves into the policy coverage, requiring that they defend against humiliation, libel, slander, and mental injury. So since that wasn't in there, it wasn't considered. And to answer your question, it's not an exclusion under the umbrella. It is, in fact, what triggers a duty to defend. Now, after that, the duty to indemnify would come, but this language here is simple enough to meet that duty to defend is required by law. But if you make false or libelous statements that relate to a business operation, you think there's a duty to defend? Well, this is a separate court, as it's realleged in every count of the complaint of those. If it arises out of an act relating to business pursuits, investment, or other for-profit activities, then it comes under the exclusion. So, in other words, you might have general coverage for libel, but not if it arises out of an act for a person's business pursuits, et cetera. And it's our argument it doesn't, because this complaint says nothing about Mr. Abbey's business or this paragraph, excuse me, of the complaint says nothing about Mr. Abbey's business. It says the damage that was caused to Mr. Retz in his business dealings. But if his dealings with Mr. Abbey, at least as alleged under the complaint, are business dealings, then don't we read it in the context of the complaint? But the exception in the policy for business dealings is that if the business dealing or if the statement is made to protect person or property, then you're outside of it. So to save a minute, in conclusion, there is two standards. The threshold for a duty to defend is very low. It's complete and separate from a duty to indemnify. All you need is language from the complaint. Well, let me ask you this before I send it out. Do you agree that in determining whether there's a duty to defend, it's proper to look at the exclusions in the policy? I believe if there is any chance that the duty may arise to cover, that that is what is key in controlling. Because the duty to indemnify. The answer is no or yes? My answer is no, that you first have to look at whether anything triggers coverage. Then you look at the exclusion. You can't say you never look at the exclusion, can you? In other words, if you look at the coverage, right, and say, okay, it's covered, but then before deciding whether or not then there's a duty to defend, is it proper then to say before I make that decision I should look at the exclusions? Yes, I think you can look at the exclusions. And my argument is that this paragraph 16 does not fall into any exclusions, and it triggers the low standard of a duty to defend. And then once that's met, then it becomes a fact question, not a summary judgment question, whether it's there and then the duty to indemnify is in fact kicked in. We're going to give you the minute, but I just want to make sure I understand you. Your paragraph 16 argument is that for ten years this libel and slander has been going on, and he only went into business with them a year or two ago. No, he's talking about the ruination of business relationships with these entities that he had been doing business, Mr. Retz, not Mr. Abbey, for all this time. And then the final sentence of the paragraph is talking about the damage done to Mr. Retz. Yeah. The damage to Mr. Retz has been going on for ten years. Yes. And but if there had been a business relationship for ten years, that would be all right. I think that might help get to that next level, but they hadn't had a business relationship. All right, so that's what I was saying. What they're saying there is that, not saying about Abbey, they're saying that Retz. Retz, and that exclusion does not apply to Abbey. Mr. Abbey is the one that has the policy. I know, I understand. But he's just saying that Retz has business relationships with these banks. He's not saying Abbey did that over ten years. No, and there's nothing in this saying that Abbey and Retz are, there's anything to put Mr. Abbey into the business exclusion. Except all the other paragraphs in the complaint, that if you read it as a whole. I mean, that's the problem is in making a statement here about, as I read it, it was Mr. Retz, you know, basically he's had this longstanding relationship with these financial institutions, and now Mr. Abbey comes in and badmouths him. Yes. Is that what that says? And the standard, though, Your Honor, for a duty to defend is not that there is nothing in the complaint that won't rise to that level. Anything in the complaint that may trigger coverage, the law says, requires Chubb to provide a duty to defend Mr. Abbey in this lawsuit. Let's ask Chubb. Thank you, Judge. Thank you. May it please the Court. Counsel, my name is Ian McIntosh. I represent the Chubb Corporation and Federal Insurance Company. This is a diversity case, and on. Your Honor, I don't want to short-circuit your ten minutes, but he zeroed in on a very specific thing, which is to say paragraph 16 doesn't talk about a business relationship issue with Mr. Abbey, and therefore it has a colorable claim outside of any exclusions. That seems to be what the case is boiling down to. Could you give us your view on that? Yes, Your Honor. Thank you. Two things. First of all, the remainder of the complaint specifically specifies that these communications to the banks were intentional and willful. Moreover, all of these communications to the banks were in relation to the business pursuit. Are you referring to another exclusion? Correct, Your Honor. Go ahead. And in addition, these statements were all regarding the business entities that Mr. Abbey was involved in with Mr. Retz. This complaint specifically states that these business entities are the subject of the lawsuits. The business pursuits exclusion talks about Mr. Abbey's investments. That's exactly what this is. It's a plain language. So that's what I asked him about, and he said, well, that might be true, but this paragraph doesn't. So under Montana law and how we look at this, if he's correct that this particular paragraph doesn't say business, is that enough to bounce it into the duty to defend camp? I don't think you can read one paragraph in isolation. You need to read the complaint as a whole. I mean, every single paragraph, of course, is not going to say this business exclusion. I mean, the complaint has to be read as a whole, and clearly throughout the complaint it seeks damages for economic loss as a result of business entities, and these specific statements are described in the complaint as intentional and willful and, therefore, are not an occurrence and are excluded by the intentional acts exclusion. I see one question. Under Montana law, you look to the complaint, after the complaint is filed, to see if you have a duty to defend, but isn't it also the law that if the answer then shows or the depositions show that this is a personal dispute rather than business or at least raise that issue, then the duty to complaint to defend would arise? No, Your Honor. The Montana Supreme Court addressed exactly that situation in the Brabeck case. In that case, the complaint had allegations which did not bring the complaint as compared to the policy within coverage. The answer denied those allegations, and if taking the allegations of the answer as true, it would have arguably brought the case into coverage. Well, then why did you write the letter and ask him to tell you whether there were any other facts that would show something different from the complaint? Because the Montana Supreme Court specifically states that coverage is to be determined based upon the facts of the complaint solely. We have the ---- But I say if it's only the facts of the complaint, why did you write the plaintiff and tell him, give us what other facts you have and we'll reconsider? Your Honor, I don't know why that letter was written. What I can tell you ---- It was one letter. It was two letters. And I can't tell you why either one of those letters ---- It wasn't on your advice, huh? Exactly. Before they hired me. What I can tell you, though, is if we go back to the Lee v. USAA case, those letters are irrelevant. Letters from an adjuster for the company cannot create coverage. Those letters might be admissible if there's an ambiguity in the policy, but here there's no ambiguity alleged. And therefore, according to Lee v. USAA, you determine coverage based upon the plain language of the complaint versus the policy. So if at the trial it turned out that this was not a business dispute but a personal dispute, and that was the fact and that was found by the court, you wouldn't be liable for the damages? That's not what I'm saying, Your Honor. There could have been possibly a duty to indemnify. However, the issue on appeal here is ---- I understand that. You would then have a duty to indemnify, but you still would not have had to pay for his attorney's fees. Exactly. And that's exactly what happened in the Trout v. Colorado Western case. There was no duty to defend, but then there was a duty to indemnify because essentially the facts changed as the case developed and the state court entered its findings, facts, and conclusions of law. Well, that could be an odd rule for his, but it could well be the rule. And again, the Montana Supreme Court recently said that again in the Skinner v. Allstate case. So in the Skinner v. Allstate case, the Montana Supreme Court said that until the underlying case is settled or has gone to trial, there is no justiciable controversy regarding the duty to defend ---- excuse me, the duty to indemnify. Here, the only issue is whether or not there was a duty to defend. After the district court, in this case Judge Malloy, determined that there was no duty to defend, the plaintiffs conceded that we have no additional case, and that's in a pleading, and then Judge Malloy correctly dismissed the entire case. I mean, that's fairly traditional insurance laws to separate the duty to defend from the duty to indemnify, correct? Correct. Sometimes you have a duty to defend, then you get to the end of the case, and you find out, well, I paid your attorney's fees, but I actually don't have to pay for the judgment because there's no coverage. Exactly. And that can be anything. That's the reverse. Of course. It's the reverse, and both of those happen. But the duty to defend is generally broader than the duty to indemnify. And at least in some states, including California, you're not limited to what's in the complaint. As the facts develop that you are entitled to coverage, then you have a duty to defend. But I've seen Montana cases, and it's hard to believe that they're meant literally, that simply because somebody puts in a complaint something that's not true, that that deprives the insurer of his duty to have his right to have a defense when he can correct that immediately. It may seem unusual, but that is the rule handed down by the Montana Supreme Court. It seems to be. One thing you said, you gave me pause, which seems to be different by Montana law. Did you say earlier on that the Montana Supreme Court says there's no justiciable controversy with regard to indemnification at this date, so you can't even file a declaratory relief action on indemnification? Is that right? That's what the Montana Supreme Court stated in Skinner v. Allstate. They say until you could file a declaratory judgment action about a duty to defend, but until the underlying case is decided or settled, there is no justiciable controversy regarding the duty to indemnify. Because what's ultimately proven could be different from what's alleged in the complaint. Exactly. Anything else? No. Thank you. We'll just rest on our briefs then. Thank you. I must say that after 34 years of practicing, it's a pleasure to have my son, Chris, who's been a member of this court in good standing for 24 hours to argue and leave the old man one minute to rebut. Well, maybe we'll give you two. Thank you, Your Honor. Is it Edwards and Edwards? Is that the name of your firm? Simply the Edwards Law Firm. How clever is that, Judge? I really would like to go back to the focus of this case. We were thrown out on summary judgment with no facts developed whatsoever. The Montana Supreme Court in the Staples case says that it is a fundamental protective purpose of an insurance policy and the obligation of an insurer to provide a defense. Now, paragraph 16, I want to get back to it, and it is reiterated in each of the three counts. What I really think is important about the 10-year relationship, Retz is saying, I have a 10-year relationship that Abby is damaging by these false statements. Then he asks for damages going forward, and the language used in paragraph 16, which is found at the Chubbs Supplemental Excerpt, a record that page 014 and 015, fits the language of the personal liability coverage, which again, Chubbs Supplemental Excerpt of record at 065, the language is remarkably similar. And then also pointed out that this was an intentional act allegation that is accepted from the policy. But again, from Chubbs' own record, 071, intentional acts are not excluded. We do cover such damages if the act was intended to protect people or property unless another exclusion applies. And I think when we read the broad notice allegations of 16 and we get in where it's realleged and the tortious interference, we are getting into an area, if facts were developed, where Retz was claiming that he was far outside their business relationship, that he was in a personal tort situation. Abby could develop the facts that he has in fact been trying to protect his property when he finds out the bank is helping Retz take money out of the partnership. This was a very convoluted relationship. It has been in bankruptcy court for years, and we should have been able to develop the facts because as they recognized in their own letter, as Judge Reinhart pointed out, they said we do have allegations of untruthful statements made to financial institutions and plaintiff has asserted claims which may satisfy certain enumerated offenses. I think it was just premature and wrong to say as a matter of law, based on nothing else before us and the judge not even considering paragraph 16, that we were dismissed with no ability to try to present some facts. We ask the case be reversed and that we get an opportunity to see if Don Abbey can get some good out of the $6,100 a year premium to Chuck. Thank you. Thank you, counsel. The case just argued will be submitted. Next case for argument is
judges: Reinhardt, Tashima, McKeown